**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| Angelo Ham, ) | |
| ) | Civil Action No. 6:13-cv-03178-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Brian P. Stirling, Dr. John B. Tomarchio, ) | |
| Michael McCall, Nurse Stokes, Anthony ) | |
| J. Padula, John J. Brooks, Robert Peele, ) | |
| Debra Whitney, Sandra Bracey-Simon, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Angelo Ham ("Plaintiff") filed this *pro se* action pursuant to 42 U.S.C. § 1983. Plaintiff alleges an equal protection violation by Defendants Brian Stirling, John Tomarchio, Michael McCall, and Nurse Stokes for failing to provide a clinic for his chronic illness and alleges denial of access to the court by Defendants Anthony Padula, John Brooks, Robert Peele, Debra Whitney, and Sandra Bracey-Simon (collectively "Defendants"). (ECF Nos. 1, 13.) This matter is before the court on Plaintiff's Motion for Judgment on the Pleadings (ECF No. 36) and Defendants' Motion for Summary Judgment (ECF No. 46).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial handling. On January 12, 2015, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court grant Defendants' Motion for Summary Judgment and deny Plaintiff's Motion for Judgment on the Pleadings. (ECF No. 74.) This review considers Plaintiff's Objections to Report of Magistrate Judge ("Objections"), filed January 23, 2015. (ECF No. 76.) For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report. The court thereby **GRANTS**

1

Defendants' Motion for Summary Judgment (ECF No. 46) and **DENIES** Plaintiff's Motion for Judgment on the Pleadings (ECF No. 36).

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the Magistrate Judge's Report is accurate, and the court adopts this summary as its own. (*See* ECF No. 74.) The court will only recite herein facts pertinent to the analysis of Plaintiff's Objections.

Plaintiff is incarcerated at Lee Correctional Institution within the South Carolina Department of Corrections ("SCDC"). (ECF No. 1.) On November 26, 2013, he filed his Complaint against Defendants Stirling, Tomarchio, McCall, and Stokes alleging that the SCDC, in violation of its policies, has failed to provide a "chronic clinic" to treat his acid reflux, or "dyspepsia," which results in Plaintiff having to pay for sick call visits "just to receive either a review of his current medication and/or renewal of his current medication." (*Id.* at 4-5; ECF No. 68 at 6.) Plaintiff seeks "a declaration that the acts and omissions described herein violated Plaintiffs' [*sic*] rights under the Constitution and laws of the United States," preliminary and permanent injunctions "ordering defendants to stop treating chronic ill patients different <u>and</u> provide chronic ill patients with a chronic clinic <u>and</u> to send the Plaintiff to an institution that provides a chronic clinic for dyspepsia," compensatory damages equal to the amount deducted from Plaintiff's account for medical copays charged, punitive damages in the amount of $50 a day for each day Defendants did not provide a chronic clinic for Plaintiff, "nominal damages against each defendant," Plaintiff's costs, and any additional relief the court deems just. (ECF No. 1 at 6 (emphasis in original).)

On December 13, 2013, Plaintiff amended his Complaint to add five additional

Defendants—Padula, Brooks, Peele, Whitney, and Bracey-Simon—and an additional cause of action—denial of access to the court. (ECF No. 13.) In the Amended Complaint, Plaintiff alleges these Defendants "hindered the Plaintiff from perfecting a petition for a writ of certiorari in the U.S. Supreme Court after the U.S. Court of Appeals gave the Plaintiff 90 days to file such petition." (*Id.* at 1.) Plaintiff seeks nominal and punitive damages, costs, and any additional relief the court deems just. (*Id.* at 3.)

Plaintiff filed a Motion for Judgment on the Pleadings on March 6, 2014. (ECF No. 36.) Defendants followed with a Motion for Summary Judgment on April 3, 2014. (ECF No. 46.) On January 12, 2015, the Magistrate Judge issued the Report recommending the court deny Plaintiff's Motion and grant Defendants' Motion. (ECF No. 74.) In the Report, the Magistrate Judge found that Defendants were entitled to summary judgment on Plaintiff's medical care claim because Plaintiff could not establish Defendants were deliberately indifferent to a serious medical need of Plaintiff. (*Id.* at 4-6.) The Magistrate Judge also found that with regard to Plaintiff's request for reimbursement of co-payments made for medical care, the record showed Plaintiff had received medical care, and thus the SCDC was entitled to collect a co-payment for those services. (*Id.* at 7, citing *Cabbagestalk v. Richstad,* 2009 WL 4040479, at *9 (D.S.C. Nov. 9, 2009); *Sturkey v. Ozmint,* 2009 WL 649569, at *2 (D.S.C. Mar. 11, 2009).) Further, the Magistrate Judge found that Plaintiff's claims regarding care for sickle cell anemia and asthma that Plaintiff first raised in his Response to Defendants' Motion for Summary Judgment (ECF No. 68) should not be considered by the court, as they were not raised in either the Complaint or the Amended Complaint. (ECF No. 74 at 7.) On Plaintiff's denial of access to the court claim, the Magistrate Judge found that although SCDC staff made mistakes in the mailing of Plaintiff's petition for writ of certiorari, the mistakes were unintentional, and "could best be characterized

3

as negligence, which is not actionable under Section 1983." (*Id.* at 9.) Further, the Magistrate Judge noted, Plaintiff was "attempting to continue to advance frivolous claims against two defendants who were immune from suit," and thus failed to satisfy the requirement under *Lewis v. Casey,* 518 U.S. 343 (1996), that a prisoner must demonstrate that a non-frivolous claim had been impeded. (*Id.* at 8, 10.) The Magistrate Judge further found that Defendants were entitled to qualified immunity, as Plaintiff had not demonstrated the deprivation of a constitutional right. (*Id.* at 10-11.) Finally, the Magistrate Judge recommended denying Plaintiff's Motion for Judgment on the Pleadings, as "the issues litigated here do not lend themselves to disposition by simple consideration of the pleadings alone." (*Id.* at 11.)

Plaintiff timely filed his Objections on January 23, 2015. (ECF No. 76.)

## II. LEGAL STANDARD AND ANALYSIS

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the

4

recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). If the plaintiff fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

As Plaintiff is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

Plaintiff offers no objection to the portions of the Report regarding Plaintiff's claims about sickle cell anemia and asthma, denial of access to the court, qualified immunity, or the denial of his Motion for Judgment on the Pleadings. In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis,* 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond,* 416 F.3d at 315. Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas,* 474 U.S. 140; *Wright,* 766 F.2d 841; *Schronce,* 727 F.2d 91. Therefore, after a thorough and careful review of the Report and the record, the court finds the Report provides an

accurate summary of the facts and law and adopts the Magistrate Judge's recommendation on these issues.

Plaintiff first objects to the Magistrate Judge's recommendation regarding his medical care claim. Plaintiff argues that his claim is one of a violation of equal protection under the Fourteenth Amendment, whereas the Magistrate Judge evaluated his claim as one for deliberate indifference to a serious medical need under the Eighth Amendment. (ECF No. 76 at 1.) Plaintiff, however, fails to allege a cognizable equal protection claim. Under the Equal Protection Clause of the Fourteenth Amendment, no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. This is "essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe,* 457 U.S. 202, 216 (1982)). "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination. Once this showing is made, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." *Morrison v. Garraghty,* 239 F.3d 648, 654 (4th Cir. 2001). Plaintiff fails not only to show that he is being treated differently from those similarly situated, but that any such unequal treatment is intentional or purposeful.

Plaintiff argues that because the SCDC has established "chronic clinics" for hypertension, HIV, diabetes, seizure, and asthma patients, this shows that Defendants treat him unequally by not providing a clinic for his dyspepsia. (ECF No. 1 at 5.) However, Plaintiff has failed to show how he is similarly situated with inmates who suffer from the diseases for which clinics have been established. In his Response to Defendants' Motion for Summary Judgment, Plaintiff

6

argues that the only difference between his condition and asthma "is that these diseases destroys [*sic*] different organs in the human body." (ECF No. 68 at 5.) The court disagrees.

As the Magistrate Judge noted, "Dyspepsia is the scientific name for 'upset stomach and indigestion.'" (ECF No. 74 at 6 (citing *United States v. Mercado-Moreno*¸ 2012 WL 3150438 (D.N.M. July 18, 2012).) The conditions Plaintiff cites as having established clinics—hypertension, HIV, diabetes, seizures, and asthma—are all potentially life threatening conditions. Plaintiff also notes the Magistrate Judge cited to *Brown v. McGowan,* 2014 WL 3150438, (S.D. Fla. Dec. 29, 2014), to assert that an inmate with "inflammatory bowel disease such as Chron's Disease or ulcerative colitis, complicated peptic ulcer disease…, chronic liver disease, and other gastrointestinal disorders" required treatment or monitoring in a clinic. (ECF No. 76 at 2 (citing *Brown* at *7); *see* ECF No. 74 at 6.) Plaintiff has failed to show how his condition rises to the same level as those gastrointestinal conditions or of the conditions which have established clinics within the SCDC. Further, Plaintiff notably stopped short of quoting the Magistrate Judge's excerpt of *Brown* that stated, "[t]he Gastrointestinal Clinic is not intended to follow inmates with simply dyspepsia, constipation, food intolerances, or uncomplicated peptic ulcer disease." (ECF No. 74 at 6 (citing *Brown* at *7).) Thus, Plaintiff has failed to demonstrate that he is similarly situated with inmates suffering from conditions that have dedicated clinics.

Further, Plaintiff cannot establish that SCDC policy requires every chronic condition to have a dedicated "chronic clinic." Plaintiff cites SCDC Policy/Procedure HS-18.15, paragraph 12 as stating "all inmates who have chronic diseases <u>will</u> be monitored on a regular basis by health services staff." (ECF No. 68 at 5 (emphasis added by Plaintiff).) This policy does not state that the monitoring must be done in a formal "chronic clinic." Further, the record shows that Plaintiff has received regular monitoring by health care staff. Plaintiff also cites to

7

paragraph 12.2 of HS-18.15, "health services staff will provide chronic disease clinics for inmates." (ECF No. 1 at 5.) This policy, however, does not state such clinics will be provided for *all* chronic conditions.

Further, Plaintiff fails to allege any facts that establish any alleged unequal treatment "was the result of intentional or purposeful discrimination." "Official action is rarely unconstitutional merely because it has a disproportionate impact. Unless a clear pattern… emerges, proof of impact alone is not sufficient." *Shaw v. Martin,* 733 F.2d 304, 312 (4th Cir. 1984). Plaintiff alleges no specific facts alleging intentional discrimination by Defendants. Further, he alleges no facts to establish any pattern of disparate impact that would show "purposeful discrimination." As such, summary judgment for Defendants is proper on Plaintiff's medical care claim.

Plaintiff also objects to the portion of the Report regarding medical co-payments. "Plaintiff states that although co-payments may be charged for medical treatment at the request of inmates, the prison officials should not charge inmates for medical treatment that the inmates cannot help, such as chronic conditions or if the inmate[']s account is five dollars or less." (ECF No. 76 at 3, citing S.C. Code Ann. § 24-13-80(B) (2015) (emphasis in original).) Plaintiff does not assert that he did not request any of the care and treatment given to him by SCDC medical staff. Further, outside of regular preventative care, most medical care, whether to a prisoner or otherwise, is for conditions patients "cannot help." South Carolina statute specifically allows the "reasonable deduction" from prisoner accounts for "medical treatment for injuries inflicted by the inmate upon himself or others" and to "defray the costs paid by a municipality or county for medical services for an inmate, which have been requested by the inmate, if the deduction does not exceed five dollars for each occurrence of treatment received by the inmate. If the balance in

an inmate's account is less than ten dollars, the fee must not be charged." S.C. Code Ann. §§ 4-13-80(B)(1)(b); 4-13-80(B)(2) (2015).  By statute, Plaintiff, or any other inmate, would not be charged a co-payment if his account holds less than ten dollars.  Plaintiff makes no such claim that he has been charged when his account was below ten dollars, nor his suggested five dollars, nor that he was charged more than five dollars for each occurrence.  Plaintiff merely states that he "went into debt an undisclosed amount." (ECF No. 36 at 3.)  However, South Carolina Statute specifically allows this.  If an inmate's account balance is less than ten dollars, an inmate is not charged a co-payment, "[h]owever, a deficiency balance must be carried forward and, upon a deposit or credit being made to the inmate's account, any outstanding balance may be deducted from the account." S.C. Code Ann. § 4-13-80(B)(2) (2015).  As such, he cannot demonstrate he was improperly charged a medical co-payment, and summary judgment for Defendants is appropriate on this claim.

### III. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report of the Magistrate Judge and the record in this case, the court **ACCEPTS** the Report of the Magistrate Judge (ECF No. 74).  It is therefore ordered that Defendants' Motion for Summary Judgment (ECF No. 46) is **GRANTED**, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 36) is **DENIED,** and this action (ECF Nos. 1, 13) is **DISMISSED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 17, 2015
Columbia, South Carolina